No. 25-13007

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ALABAMA STATE CONFERENCE OF THE NAACP, *et al.*,
*Plaintiffs-Appellees*,

v.

SECRETARY OF STATE FOR THE STATE OF ALABAMA,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Alabama
Case No. 2:21-cv-01531-AMM

# PLAINTIFFS' MOTION FOR VOLUNTARY VACATUR


Deuel Ross
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St. N.W. Ste. 600
Washington, DC 20005

Stuart Naifeh
Kathryn Sadasivan
Brittany Carter
Colin Burke
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Fl.,
New York, NY 10006

Alison Mollman
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179, Montgomery, AL 36106

David Dunn
HOGAN LOVELLS LLP
390 Madison Avenue, New York, NY 10017

Davin M. Rosborough
Dayton Campbell-Harris
Theresa J. Lee
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., New York, NY 10004

Jacob van Leer
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20005

Bradley E. Heard
Jack Genberg
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 550
Washington, DC 20036

Jessica L. Ellsworth
Jo-Ann Tamila Sagar
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1–1 through 26.1–5, the undersigned counsel certifies that the following listed persons and parties may have an interest in the outcome of this case:

1. ACLU of Alabama
2. Aden, Leah C.
3. Alabama Attorney General's Office
4. Alabama State Conference of the NAACP
5. Allen, Amanda N.
6. Allen, Hon. Wes
7. American Civil Liberties Union Foundation
8. Ashton, Anthony
9. Balch & Bingham LLP
10. Barnes, Anna-Kathryn
11. Bowdre, A. Barrett
12. Burke, Colin
13. Burrell, Ashley
14. Campbell-Harris, Dayton

15. Carter, Brittany

16. Chandler, Laquisha

17. Davis, James W.

18. Douglas, Scott

19. Duggan, Matthew R.

20. Dunn, David

21. Ebenstein, Julie A.

22. Ellsworth, Jessica L.

23. Ettinger, James W.

24. Faulks, LaTisha Gotell

25. Gbe, Harmony R.

26. Geiger, Soren A.

27. Genberg, Jack

28. Greater Birmingham Ministries

29. Harris, A. Reid

30. Hattix, Laurel Ann

31. Heard, Bradley E.

32. Hogan Lovells US LLP

33. Jackson, Sidney

34. LaCour Jr., Hon. Edmund G.

35. Lakin, Sophia Lin

36. Lancaster, Riley Kate

37. Lawsen, Nicki

38. Lee, Theresa J.

39. Livingston, Sen. Steve

40. Manasco, Hon. Anna M.

41. Marshall, Hon. Steve

42. Mauldin, Dylan L.

43. Maze, Hon. Corey L.

44. McClendon, (former) Sen. Jim

45. McKay, Charles A.

46. Merrill, Hon. John H.

47. Messick, Misty S. Fairbanks

48. Milligan, Evan

49. Mink, Richard D.

50. Mollman, Alison

51. NAACP Legal Defense and Educational Fund, Inc.

52. Naifeh, Stuart

53. National Association for the Advancement of Colored People

54. Newsom, Hon. Kevin C.

55. Olofin, Victor

56. Overing, Robert M.

57. Pringle, Rep. Chris

58. Rand, Paul

59. Rosborough, Davin

60. Ross, Deuel

61. Sadasivan, Kathryn

62. Sagar, Jo-Ann

63. Seiss, Benjamin M.

64. Shapiro, Avner

65. Short, Caren E.

66. Simelton, Benard

67. Smith, Brenton M.

68. Southern Poverty Law Center

69. Stewart, Shelita M.

70. Stone, Khadidah

71. Taunton, Michael P.

72. Thomas, James

73. Thompson, Blayne R.

74. Turrill, Michael

75. Unger, Jess

76. van Leer, Jacob

77. Walker, J. Dorman

78. Wallace, Janette McCarthy

79. Weisberg, Liza

80. Welborn, Kaitlin

81. Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC

82. Wilson, Thomas A.

83. Woodard, J. Scott

No publicly traded company or corporation has an interest in the outcome of the case or appeal.

Respectfully submitted this 2nd day of June 2026.

/s/ Davin Rosborough
*Counsel for Plaintiffs-Appellees*

## INTRODUCTION

In light of this Court's decision to stay the district court's injunction and subsequent events, Plaintiffs respectfully request that this Court vacate the injunction and remand to the district court forthwith for further proceedings.[1] The Secretary opposes this motion.

## BACKGROUND

After the Supreme Court's decision in *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), the Secretary asked this Court to either "(1) vacate the injunctions and immediately issue its mandate or (2) stay the injunctions." 11thCirDoc.65 at 2.[2] This Court denied that motion, and sought to "relinquish jurisdiction to the district court so that it can address the Secretary's expected forthcoming motion for vacatur and/or for a stay," while attempting to retain jurisdiction over the "[t]he current appeal." 11thCirDoc.72-2 at 5. As to the motion for a stay, this Court explained that "[t]he district court, which did not have the benefit of [the *Callais*] decision when it issued the injunctions, and which is much more familiar with the record than we are, should be given the first opportunity to address the impact of *Callais*." *Id.* at 4; *see id.*

---

[1] Plaintiffs also request immediate issuance of the mandate, in order to return jurisdiction to the district court. *See* 11th Cir. R. 41-2.

[2] Citations to "11thCirDoc." refer to this Court's docket in Case No. 25-13007.

(noting that the "added complexity" of the ongoing 2026 elections "makes it all the more important that the district court have the first opportunity to consider the parties' positions"). As to the rest of the appeal, the Court set this case for expedited merits briefing. *Id.* at 5.

While the parties began briefing the merits, the Secretary moved for a stay or vacatur in the district court, 11thCirDoc.75-2, resulting in further briefing from the parties on these issues. The district court denied his motion, but it did so without reaching the merits based on its conclusion that it had "no authority to vacate or stay its injunction" because the appeal of its permanent injunction remained "pending in the Eleventh Circuit." 11thCirDoc.75-5 at 5.

The Secretary then renewed his stay request to this Court. *See* 11thCirDoc.75. On May 28, 2026, this Court granted the stay, *inter alia*, based on its conclusion that "the secretary will succeed in vacating the injunctions" "[w]hen briefing is done." 11thCirDoc.81 at 4–5.

Upon this Court's grant of the stay, Governor Kay Ivey purported to void the May 19, 2026 primary results in Senate Districts 25 and 26, and called for a Special Primary Election to be held under the 2021 map on August 11, 2026.[3]

---

[3] *See* Senate District 25 and 26 Special Primary Election Proclamation, Office of Ala. Gov. (May 29, 2026),

The Secretary's vacatur request remains pending in this Court. *See* 11thCirDoc.72-2 at 5. The Plaintiffs now join in his request, mooting the need for further briefing or delay.

**ARGUMENT**

After this Court and this district court initially denied Defendant's emergency motions to stay or vacate, Plaintiffs believed it was likely that this Court would hear the appeal on the merits while the injunction remained in effect. Now that the injunction has been stayed and this Court has indicated that it will "do as the Supreme Court has done" in other cases and "vacate [the] district court injunctions and remand[] for consideration in light of *Callais*," 11thCirDoc.82 at 3–4, Plaintiffs believe there is no further need for delay.

Waiting for the conclusion of briefing and for this Court to write and issue its forthcoming decision granting the Secretary's request for vacatur will unnecessarily waste judicial and party resources. Moreover, it would only further delay achieving this Court's prior stated goal of giving the district court "the first opportunity to address the impact of *Callais*." 11thCirDoc.72-2 at 4 at 4; *see also* 11thCirDoc.82 at 4–5 (explaining that this Court's forthcoming decision will determine that "the

---

https://governor.alabama.gov/newsroom/2026/05/senate-districts-25-and-26-special-primary-election-proclamation/.

secretary will succeed in vacating the injunctions" but will not "look back at the merits of the underlying lawsuit"); *cf. Lawrence v. Chater*, 516 U.S. 163, 167 (1996) (among the "virtues" of the Supreme Court's authority to grant, vacate, and remand is that it "assists the court below by flagging a particular issue that it does not appear to have fully considered, [and] assists [the Supreme] Court by procuring the benefit of the lower court's insight before [the Supreme Court] rule[s] on the merits").

Accordingly, Plaintiffs now join in the Secretary's request and respectfully ask this Court to vacate the injunctions and issue its mandate without delay, and to remand to the district court with instructions to proceed to reconsider its decisions in light of *Callais* in the manner that it sees fit.

DATED this 2nd day of June 2026.

Respectfully submitted,

/s/ Davin M. Rosborough
Davin M. Rosborough
Dayton Campbell-Harris
Theresa J. Lee
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
dcampbell-harris@aclu.org
tlee@aclu.org

Deuel Ross
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Stuart Naifeh
Kathryn Sadasivan
Brittany Carter
Colin Burke

NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
bcarter@naacpldf.org
cburke@naacpldf.org

Alison Mollman
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
amollman@aclualabama.org

David Dunn
HOGAN LOVELLS LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
david.dunn@hoganlovells.com

slakin@aclu.org

Jacob van Leer
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
jvanleer@aclu.org

Bradley E. Heard
Jack Genberg
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 550
Washington, DC 20036
(240) 890-1735
bradley.heard@splcenter.org
jack.genberg@splcenter.org

Jessica L. Ellsworth
Jo-Ann Tamila Sagar
HOGAN LOVELLS LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
jessica.ellsworth@hoganlovells.com

***Attorneys for Plaintiffs-Appellees***

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P.27(d), because this document contains 770 words including all headings, footnotes, and quotations, and excluding the parts of the brief exempted under Fed. R. App. P. 32(f). This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: June 2, 2026

Respectfully submitted,

/s/ *Davin M. Rosborough*
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I filed the foregoing Opposition using the Court's CM/ECF system, which will serve counsel for all parties.

/s/ *Davin M. Rosborough*
Davin M. Rosborough
*Counsel for Plaintiffs-Appellees*